IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDWAY VEGETABLE SALES, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> WHITNEY FOODS, INC., : <br> and JOSEPH FITZGERALD, : <br> : <br> Defendants. : <br> _____ : <br> : <br> RUBY ROBINSON COMPANY, LLC, : <br> : <br> Intervening Plaintiff, : <br> : <br> v. : <br> : <br> WHITNEY FOODS, INC., and : <br> JOSEPH A. FITZGERALD, : <br> : <br> Defendants. : | Case No. 1:20-cv-002633 <br> Judge: Hon. Edmond E. Chang |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION OF PLAINTIFF AND INTERVENING PLAINTIFF
<u>FOR ENTRY OF DEFAULT JUDGMENT *INSTANTER* AND OTHER RELIEF</u>**

Plaintiff, Midway Vegetable Sales, LLC ("Midway") and Intervening Plaintiff, Ruby Robinson Company, LLC ("Ruby") ("Midway" and "Ruby" are hereinafter collectively referred to as "Plaintiffs"), submit this Memorandum in Support of Joint Motion of Plaintiff and Intervening Plaintiff for Entry of Default Judgment *Instante*r and Other Relief against Defendants, Whitney Foods, Inc. ("Whitney") and Joseph Fitzgerald a/k/a Joseph A. Fitzgerald ("Fitzgerald"). Submitted herewith in support of Plaintiffs' joint motion are the declarations of

Plaintiff Midway's representative, Malek Almassad, Intervening Plaintiff's Ruby's representative, Robert Feldgreber, and Plaintiffs' respective counsel.

## ARGUMENT

### I. Default Should be Entered Whenever a Party Against Whom a Judgment for Affirmative Relief Has Been Sought Fails to Plead or Otherwise Defend Within the Time Provided by Law.

Rule 55(a) of the Federal Rules of Civil Procedure states in relevant part, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

Defendants were duly served with the Summons and Complaint of Plaintiff Midway and Summons and Complaint in Intervention of Intervening Plaintiff Ruby in this matter by private process servers on May 16 and 18, 2020, respectively [Doc. Nos. 28-29, 31-32]. The Court ordered Defendants to answer or otherwise plead by June 8, 2020 [Doc. 34]. The docket in this matter establishes that Defendants have failed to plead or otherwise present any defenses to the allegations contained in the Complaint or the Complaint in Intervention within the time provided for by law. Accordingly, Plaintiffs request that, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default be promptly entered against Defendants, Whitney and Fitzgerald.

### II. Judgment by Default Should be Entered Against the Defendants Pursuant To Fed. R. Civ. P. Rule 55(b)(1) and/or (2).

Rule 55(b)(1) of the Federal Rules of Civil Procedure states, in relevant part, that

> [i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). In all other cases, Rule 55(b)(2) provides for the party entitled to a judgment by default to apply to the court therefor. As discussed above, Defendants have failed to plead or otherwise present any defenses to the allegations contained in the complaint within the time provided by law. In addition, Defendants owe to the Plaintiffs sums certain. Attached hereto are the declarations of Plaintiff' Midway's representative, Malek Almassad, and Midway's counsel attesting to the fact that Midway is due the principal amount of $33,151.75 plus contractual interest of $1,232.86 through June 16, 2020, and an award of reasonable attorneys' fees and costs in the amount of $9,378.95 incurred by Midway. Also attached hereto are the declarations of Intervening Plaintiff' Ruby's representative, Robert Feldgreber, and Ruby's counsel attesting to the fact that Ruby is due the principal amount of $28,615.00 plus contractual interest of $3,406.49 through June 16, 2020, and an award of reasonable attorneys' fees and costs in the amount of $8,426.36 incurred by Intervening Plaintiff. The claims asserted by the Plaintiffs are sums certain, as reflected in the Almassad, Gardner, Feldgreber, Kohn, and Fassett declarations. In addition, an award of contractual interest and attorneys' fees and costs is a term of the parties' agreement regarding Defendants' purchase of produce from Plaintiffs, as set forth in the exhibits to the Almassad and Feldgreber declarations[1]. *See Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220 (9th Cir. 2002); *Country Best v. Christopher Ranch, L.L.C.*, 361 F.3d 629 (11th Cir. 2004) (unpaid sellers of produce who include contractual provisions for attorneys' fees and interest in their agreements to sell perishable agricultural commodities, and who properly preserves PACA trust benefits, are entitled to trust protection for those additional expenses incurred). Accordingly, Plaintiffs request that default judgments be entered against Defendants, Whitney and Fitzgerald, jointly

---

[1] The invoices at issue between the parties provide for contract interest at 18% per annum and attorneys fees.

and severally, pursuant to Rule 55(b)(1) and/or (2) of the Federal Rules of Civil Procedure, and the case authorities on personal liability under the PACA discussed below.

### III. The Nature and Scope of the PACA Trust.

This case arises under the trust provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4) ("PACA") for failure to pay Plaintiffs for wholesale quantities of produce sold and delivered to Defendant Whitney, an Illinois corporation. Defendant Fitzgerald is the owner and officer of Whitney who controlled the operations of Whitney, and was in a position of control over the PACA trust assets belonging to Plaintiffs during the period of time in question.

The PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce." 49 Fed. Reg. 45737. Thus, PACA requires produce dealers to make "full payment promptly" for any produce they purchase. 7 U.S.C. § 499b(4).

In 1984, the PACA was amended to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them." (Emphasis added.) 1984 U.S.C.C.A.N. 406; *see Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000); *see also Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990) (". . . the central purpose of Section 499e(c) is to ensure payment to trust beneficiaries.").

To carry out this intent, section 499e(c) imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers and brokers which must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made. 7 U.S.C. § 499e(c)(2). The trust arises upon the commencement of the produce

4

purchaser's business and is continually in existence throughout the life of the purchaser's business. *Tanimura & Antle, Inc., et al.*, 222 F.3d 132; *see In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *In re Atlantic Tropical Market Corp.*, 118 B.R. 139, 142 (Bankr. S.D. Fla. 1990).

The PACA requires produce suppliers to provide notice to the buyer of their intent to preserve trust benefits. In 1995, the PACA was amended so that notice could be accomplished by produce suppliers including the following language on the face of their invoices: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." 7 U.S.C. § 499e(c)(4). Plaintiff properly preserved its trust rights by including the requisite language on its invoices to Sanchez Bros. *See* Exhibit 4 to Feldgreber Declaration.

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4). Furthermore, agricultural merchants and dealers "are required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of perishable agricultural commodities." 7 C.F.R. § 46.46(e)(1). "Any act or omission inconsistent with this responsibility, including dissipation or trust assets, is unlawful and in violation of [7 U.S.C. § 499b]." *Id.*

### IV. <u>Personal Liability Under The PACA</u>.

An individual who is in a position to oversee the proper application of the PACA trust assets, and who does not preserve the trust assets for the beneficiaries, for whatever reason and however innocent, has breached a fiduciary duty and is personally liable for that tortious act.

5

*See Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997) ("We agree that individual shareholders, officers and directors of a corporation who are in a position to control PACA trust assets and who breach their fiduciary duty to preserve these assets may be held personally liable under the Act."); *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348 (5th Cir. 2000) (an individual in a position to control PACA trust assets is personally liable under PACA regardless of whether he exercised that control); *Reds Market v. Cape Canaveral Cruise Line, Inc.*, 181 F. Supp. 2d 1339 (M.D. Fla. 2002) (individual in control of PACA trust assets is liable for failure to preserve trust res without regard whether failure was intentional or whether individual was responsible corporate officer); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F. Supp. 346 (S.D.N.Y. 1993) ("An individual who is in the position to control the trust assets and who does not preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that tortious act"); *Bronia, Inc. v. Ho.*, 873 F. Supp. 854, 861 (S.D.N.Y. 1995) ("primary actor responsible for [the corporation's] failure to live up to its fiduciary responsibilities under the PACA" will be personally responsible for the corporations' breach of trust); *N.P. Deoudes, Inc. v. Snyder*, *(In re Snyder)*, 184 B.R. 473 (D. Md. 1995) (personal liability may be imposed on the controlling person of a corporation when trust assets are used for any purpose other than paying trust claims); *Mid-Valley Produce Corp. v. 4-XXX Produce Corp.*, 819 F. Supp. 209 (E.D.N.Y. 1993) ("[A]n officer who causes a corporate trustee to commit a breach of trust which causes a loss of the trust is personally liable to the beneficiaries for that loss"); *Larry Sheppard v. KB Fruit & Vegetable, Inc.*, 1994 W.L. 317477 (E.D. Pa. 1994) (shareholders, officers and directors, who appointed a manager to operate their business are personally liable to the PACA creditors for the breach of the trust primarily caused by the manager as a matter of law); *In re Harper*, 150 B.R. 416 (Bankr. E.D. Tenn. 1993) (corporate officer found liable because "when there are fiduciary responsibilities of

a corporation, it is the employee or officer responsible for implementing the fiduciary responsibilities who is liable for any acts of defalcation.").

Defendant Fitzgerald was the owner and officer of Whitney and in a position of control over the trust assets belonging to Plaintiffs. The individual defendant's failure to preserve the trust assets for Plaintiff is a breach of his respective fiduciary duties for which he is personally liable. Failure to turn over the trust assets when payment is due to the produce suppliers, breaches the fiduciary duty to make the trust assets "freely available" to the PACA trust beneficiary. *Id.*; see also *Morris Okun*, 814 F. Supp. at 348 (PACA trust in effect imposes liability on a trustee, whether a corporation or a controlling person of that corporation who uses the trust assets for any purpose other than repayment of the supplier); *Reds Market*, 181 F. Supp. 2d 1339 (a simple finding that individuals failed to account for trust assets is sufficient to impose personal liability under PACA).

It has been repeatedly held by the courts that owners and officers of a produce company, such as Defendant Fitzgerald, who are in "positions of control" over the PACA trust assets, and exercise that control, are personally liable for the breach of the PACA trust regardless of whether they personally dissipated the assets. *Golman-Hayden Co.*, 217 F.3d 348; *Sunkist Growers*, 104 F.3d at 283; *Larry Sheppard*, 1994 W.L. 317477; *Morris Okun*, 814 F. Supp. 346; *Reds Market*, 181 F. Supp. 2d 1339.

The bases for this holding are the common law trust principles that: fiduciary duties are not carried out by a business or corporation, but by the individuals who are responsible for the operation of the corporation, *id.*, *see also In re Harper*, 150 B.R. 416; and that trustees are under a duty to the beneficiary to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property. RESTATEMENT 2D OF TRUSTS § 174.

7

The Seventh Circuit Court of Appeals has agreed with this principle, *albeit* in dicta., acknowledging that the PACA "permits recovery against both the corporation and its controlling officers." *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002), citing *(Golman-Hayden*, 217 F.3d , 348 at 351 (5th Cir. 2000). The Northern District of Illinois has repeatedly followed this principle. The analysis of whether personal liability may be imposed takes into account: "(1) whether an individual's involvement with the company was sufficient to establish a legal responsibility; and (2) whether the individual breached a fiduciary duty to the PACA creditors. When determining an individual's involvement in the corporation, courts have looked to various factors such as whether an individual was a director, had a role in causing the a [sic] breach of trust, had control of the day-to-day operations, was active in the management of the company, signed for company accounts, or was the primary actor in failing to pay under PACA." [Citations omitted.] *Sato & Co., LLC v. S & M Produce, Inc.*, 859 F. Supp. 2d 923, 927-28 (N.D. IL 2012); *See also, Epic Fresh Produce, LLC v. Olympic Wholesale Produce, Inc.*, 17-8381, slip op. at 25-30 (N.D. IL Dec. 7, 2017) (fastcase Cases); *Sunrise Orchards, Inc. v. Pets Calvert Co.*, 2010 U.S. Dist. LEXIS 27369, at *25-26 (N.D. IL March 23, 2010).

In this case, the individual defendant was legally responsible for the activities of Whitney and was in a "position of control" over the PACA trust assets. Accordingly, he was responsible for ensuring that the PACA trust assets were not dissipated and were freely available to pay Plaintiff. *Id.*; *see also Larry Sheppard*, 1994 W.L. 317477; *Golman-Hayden Co.*, 217 F.3d 348; *Reds Market*, 181 F. Supp. 2d 1339. Having failed to fulfill his duties as trustee, he is liable to Plaintiffs, the trust beneficiaries.

8

## V. Interest And Attorneys Fees Due Plaintiffs.

As set forth in the Joint Motion of Plaintiff and Intervening Plaintiff for Entry of Default Judgment Instanter and Other Relief, an award of contractual interest and attorneys' fees and costs is a term of the parties' agreement regarding Defendants' purchase of produce from Plaintiffs, as set forth in the exhibits to the Almassad and Feldgreber Declarations. *See Middle Mountain Land and Produce*, 307 F.3d 1220; *Country Best*, 361 F.3d 629 (unpaid sellers of produce who include contractual provisions for attorneys' fees and interest in their agreements to sell perishable agricultural commodities, and who properly preserves PACA trust benefits, are entitled to trust protection for those additional expenses incurred). See, *Epic Fresh*, *supra*, at 7-8, 11-13. The calculation of contract interest should be through the date of judgment. See, *Epic Fresh*, *supra*, at 10, citing *Cement Division, Nat'l Gypsum Co. v. City of Milwaukee*, 144 F.3d 1111, 1117 (7th Cir. 1998) ("the very name 'prejudgment' interest strongly suggests that the relevant date is a judgment date"). Plaintiff Midway calculates the interest owed through June 16, 2020 on the debt is $1,232.86, with a *per diem* rate of $16.34 through the date of any judgment, as set forth in the Almassad Declaration submitted herewith. Plaintiff has, to date, incurred attorney's fees and costs of $9,378.95 as set forth in the Gardner Declaration. Intervening Plaintiff Ruby calculates the interest due through June 16, 2020 on the debt is $3,406.49, with a *per diem* rate of $15.34 through the date of judgment, as set forth in the Feldgreber Declaration submitted herewith. Intervening Plaintiff has, to date, incurred attorney's fees and costs of $8,426.36 as set forth in the Kohn and Fassett Declarations.

## VI. Other Relief

Plaintiffs also request that the Court's Judgment provide for the conversion of the Preliminary Injunction [Doc. 34] entered in this matter to a permanent injunction, with Wintrust Bank specifically directed to release the $996.78 frozen by the Preliminary Injunction to

Plaintiffs on a *pro rata* basis based upon the principal amounts of their claims as follows: 1) payment of $534.97 to Plaintiff, Midway Vegetable Sales, LLC, with payment mailed to Midway's counsel; and 2) payment of $461.81 to Intervening Plaintiff, Ruby Robinson Company, LLC, with payment mailed to Ruby's local counsel, William B. Kohn.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs requests that this Court enter a default judgment against Defendants Whitney Foods, Inc. and Joseph Fitzgerald a/k/a Joseph A. Fitzgerald, as follows:

a). in favor of Midway and against Defendants Whitney and Fitzgerald, jointly and severally, in the principal amount of $33,151.75, plus contract interest of 18% per annum of $1,232.86 through June 16, 2020 and further interest to the date of judgment in the amount of $16.34 per diem, and attorneys' fees and costs of $9,378.95, for a total judgment amount of $43,763.56.

b). in favor of Ruby and against Defendants Whitney and Fitzgerald, jointly and severally, in the principal amount of $28,615.00, plus contract interest of 18% per annum of $3,406.49 through June 16, 2020, and further interest to the date of judgment in the amount of $15.34 per diem, and attorneys' fees and costs of $8,426.36, for a total judgment amount of $40,447.85.

In addition, Plaintiffs request that the Court's Judgment provide for conversion of the Preliminary Injunction entered in this matter on May 27, 2020 [Doc. 34] into a Permanent Injunction, with Wintrust Bank specifically directed to release the $996.78 frozen by the Preliminary Injunction to Plaintiffs on a *pro rata* basis based upon the principal amounts of their claims as follows: 1) payment of $534.97 to Plaintiff, Midway Vegetable Sales, LLC, with

payment mailed to Midway's counsel; and 2) payment of $461.81 to Intervening Plaintiff, Ruby Robinson Company, LLC, with payment mailed to Ruby's local counsel, William B. Kohn.

WHEREFORE, based on the foregoing, Plaintiffs request that their Joint Motion for Entry of Default Judgment Instanter and Other Relief be granted.

Dated this 11th day of June, 2020           Respectfully submitted,

| McCARRON & DIESS | MARY E. GARDNER, P.C. |
|---|---|
| By:/s/ Mary Jean Fassett | By:/s/ Mary E. Gardner |
| Mary Jean Fassett, ID#9078552 | Mary E. Gardner, #6190951 |
| 4530 Wisconsin Ave., N.W. | 106 Thorobred Lane |
| Suite 301 | Sleepy Hollow, IL 60118 |
| Washington, DC 20016 | (847) 804-7222 |
| (202) 364-0400 | (847) 400-0235 - fax |
| (202) 364-2731 – fax | megardner@earthlink.net |
| mjf@mccarronlaw.com | Attorney for Plaintiff |

And

LAW OFFICES OF WILLIAM B. KOHN

By:/s/ William B. Kohn
    William B. Kohn, #6196142
    Law Offices of William B. Kohn
    29 E. Madison Street
    Suite 1000
    Chicago, Illinois 60602
    (312) 553-1200
    (312) 644-3901 – fax
    kohn@wbkohnlaw.com

    Attorneys for Intervening Plaintiff

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a copy of the Memorandum in Support of Joint Motion for Entry of Default Judgment Instanter and Other Relief, and all attached Declarations and exhibits, were served on all counsel of record via the Court's CM/ECF system on this 11th day of June, 2020, and via overnight delivery to the following:

Whitney Foods, Inc.
Attn: Joseph A. Fitzgerald
687 Country Lane
Glencoe, IL 60022

Joseph Fitzgerald
687 Country Lane
Glencoe, IL 60022

                                              s/ Mary Jean Fassett
                                              Mary Jean Fassett